IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

ANGELA SCHUNCEY RICHARDSON
ADC #712575                                                                PLAINTIFF

v.                           No. 1:18-cv-32-DPM

TAMI JO AIKEN, Assistant Warden,
McPherson Unit; JEANNIE LONG, CO,
McPherson Unit; ROGER AYERS, Sergeant,
McPherson Unit; VIRGINIA SPENCE, Coach,
McPherson Unit; and JOHN HERRINGTON,
Assistant Warden, McPherson Unit                                DEFENDANTS

ORDER

On *de novo* review, the Court adopts Magistrate Judge Harris's recommendation as supplemented and overrules Richardson's objections. FED. R. CIV. P. 72(b)(3).

The Court adds a word about the November 2016 and November 2017 claims against Defendant Long. The argument for summary judgment on these claims was a bit thin: Long offered no evidentiary materials about the prisoners (C.T. and K.G. or D.A. and B.C.) who were supposedly treated differently; instead, she pointed to the Unit's separation policy, saying she had to and did follow it concerning all prisoners. *Docs. 69-3, 70 & 71 at 12–13.* This was, in essence, an argument based on a complete failure of proof on an essential element of these separation claims. *Celotex Corp. v. Catrett,*

477 U.S. 317, 322–24. Magistrate Judge Harris alerted Richardson that she could submit responding affidavits. *Doc. 72.* Richardson responded in detail to Long's affidavit. *Doc. 91.* She included affidavits from other prisoners, *e.g., Doc. 91 at 11–12*, including C.T.'s affidavit about the November 2016 claim. Richardson submitted no evidentiary material about the kind of separation in place for the supposed comparators on either her November 2016 claim or her November 2017 claim. And Richardson supplemented her response. *Doc. 92.* On that record, Magistrate Judge Harris correctly concluded that there was a failure of the proof about the nature of the other prisoners' separations. *Doc. 98 at 16–19.*

In support of her objections, Richardson has offered a new affidavit from C.T., and an affidavit from another of the proposed comparators, that could fill this evidentiary gap. *Doc. 103 at 73 & 74.* But, discovery closed almost a year ago, and the motion for summary judgment was briefed six months ago. No persuasive explanation is offered for the belated submissions. For cases to be handled fairly and efficiently, the deadlines for doing important things must be enforced absent some good reason to relax them.

\*   \*   \*

Recommendation, *Doc. 98*, adopted. Objections, *Doc. 103*, overruled. Motion for summary judgment, *Doc. 69*, granted. Motion for Order, *Doc. 104*, denied as moot.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

23 September 2020